**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RUTH SELL, | ) | CASE NO. 5:21-cv-00007 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| KILOLO KIJAKAZI,<br>*Acting Comm'r of Soc. Sec.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Thomas M. Parker. (R. 20). On January 5, 2021, Plaintiff Ruth Sell filed her Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits. Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On January 6, 2022, the Magistrate Judge issued his Report and Recommendation, recommending the Court VACATE and REMAND the Commissioner's decision. (R. 20). Objections to the Report and Recommendation were due by January 20, 2022; only the Commissioner has filed an objection. (R. 21).

I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Here, the Commissioner objects to the Magistrate Judge's conclusion that the Administrative Law Judge (ALJ) failed to apply the appropriate legal standards in evaluating Sell's mental limitations. (R. 21). The Court thus reviews this issue *de novo*.[1]

II. Discussion

The Commissioner determines whether a claimant is disabled for the purposes of receiving benefits pursuant to the Social Security Act by way of a five-stage process. 20 C.F.R. §§ 404.1505, 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Relevant here are the two separate steps where the ALJ considers (i) whether the claimant has one or more

---

[1] Neither Sell nor the Commissioner objects to any other issues considered in the Report and Recommendation. The Court therefore applies a clear error standard in reviewing the remainder of the Report and Recommendation. *See* Fed. R. Civ. P. 72 advisory committee's notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)); *see also Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) ("In the Sixth Circuit, failure to object constitutes a forfeiture.") (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019)).
The Court has carefully reviewed the remainder of the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein.

"severe" impairments (Step Two) and (ii) whether the claimant's impairments prevent the claimant from doing his or her past relevant work (Step Four). 20 C.F.R. §§ 404.1520(c), 404.1520(d), 416.920(e). To determine whether the claimant can do his or her past relevant work in Step Four, an ALJ must assess the claimant's "residual functional capacity" (RFC)—that is, the level of work the claimant is able to perform given his or her impairments. *Id.* § 416.920(e); *Kirk*, 667 F.2d at 528.

Here, Sell argues—and the Magistrate Judge agrees—that the ALJ did not appropriately consider Sell's non-severe mental impairments in assessing her RFC. (R. 14, PageID# 543–545; R. 20, PageID# 621–624). Specifically, the Magistrate Judge found error because the ALJ improperly conflated the severity and RFC analyses in Steps Two and Four. (R. 20, Page ID# 622).

In the Step Two analysis of the severity of Sell's impairments, the ALJ considered the four "paragraph B" criteria to determine that Sell's anxiety and depression caused not "more than a minimal limitation" overall. (R. 13, PageID# 84–85).[2] The ALJ determined that Sell only had "mild limitation" for three of these criteria and "no limitation" for the remaining one. (R. 13, PageID# 84–85). While the ALJ found that Sell's mental impairments were not severe, the ALJ determined separately that Sell suffered a severe physical impairment. (*Id.*, PageID# 84).

Because the ALJ found a severe physical impairment, the regulations required the

---

[2] The ALJ inaccurately cited to 20 C.F.R., pt. 404, subpt. P, app. 1 during her Step Two analysis. (R. 13, PageID# 84). When assessing the degree of functional limitations, the ALJ must first evaluate an individual's mental impairments using the special technique found at 20 C.F.R. § 404.1520a. The regulation that the ALJ cited contains the "Listing of Impairments," including "mental disorders," and is applied in a later step of the analysis, using the identical four areas of mental functioning previously assessed at Step Two. *See id*.

ALJ to consider "all the relevant" medical evidence in Sell's case, including non-severe impairments, when determining Sell's RFC in Step Four. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2). This, as the Magistrate Judge and ALJ acknowledged, requires a "more detailed assessment" than the Step Two analysis of the paragraph B criteria that the ALJ had previously performed in her decision. SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996); (R. 13, PageID# 86; R. 20, PageID# 622–623). However, the ALJ's Step Four analysis of Sell's RFC did not include a discussion of Sell's non-severe mental impairments. (*See* R. 13, Page ID # 86–88). It is this lack of analysis that the Magistrate Judge found sufficient error to vacate and remand the Commissioner's decision. The Commissioner disagrees, arguing that the ALJ's Step Two analysis contained sufficient discussion of Sell's mental impairments beyond the severity analysis to also satisfy the Step Four requirements. (R. 21, PageID# 627).

The question before the Court, then, is whether the ALJ properly assessed Sell's RFC at Step Four. The Court holds that, even when reading the decision as a whole, the ALJ's analysis is deficient and remand is appropriate.

The ALJ failed to establish a logical bridge between her Step Two findings of mild limitation for three of the paragraph B criteria and her apparent conclusion that Sell's mental impairments did not impact the RFC assessment in Step Four. *See Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)). In her Step Two analysis, the ALJ concluded that Sell had mild limitations for each of the following paragraph B criteria: (i) interacting with others; (ii) concentrating, persisting, or maintaining pace; and (iii) adapting or managing oneself. (R. 13, PageID# 85). The ALJ, in reaching this conclusion, acknowledged some of Sell's

specific limitations, such as Sell's reported "regular panic attacks" related to social anxiety. (*Id.*). Given the ALJ's findings of at least some mental limitations, the regulations required a more detailed analysis when assessing these limitations' impact, if any, on Sell's RFC. SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). But the ALJ never explained—in either her Step Two or Step Four analyses—how these limitations impacted the assessment of Sell's RFC. While the ALJ ultimately may have been correct to conclude that Sell's mild mental limitations had no impact on the RFC, the ALJ erred by not providing a sufficient and more detailed explanation for why that was the case. *See James v. Comm'r of Soc. Sec.*, 2020 WL 836493, at *11 (N.D. Ohio Feb. 20, 2020). The ALJ's failure to provide that explanation is reversible error.

      The Commissioner argues that the ALJ's discussion of the consultative examiner's and state agency psychologists' opinions in Step Two is sufficient to constitute a proper RFC assessment of Sell's mental impairments. (R. 21, PageID# 627–628). Immediately following the ALJ's paragraph B analysis in Step Two, the ALJ explained in two concise paragraphs why she found the consultative examiner's and psychologists' opinions persuasive. (R. 13, PageID# 85–86). The ALJ's brief analysis of these medical opinions appears to be a justification for the ALJ's prior analysis of her paragraph B findings, *not* an explanation for why Sell's mental impairments do not factor into her RFC. (*Id.*). The two paragraphs discussing the medical opinions provide no reasoning for the exclusion of Sell's mental impairments from her RFC—which although that may ultimately be a correct determination, it must be explained by rather than inferred from the ALJ's decision. As such, the Court finds the Commissioner's argument unconvincing.

Despite the Commissioner's argument to the contrary, the ALJ's error is not harmless. (R. 21, PageID# 629). This is not merely a matter of the proper RFC assessment occurring elsewhere in the ALJ's decision—the appropriate RFC assessment is absent from the decision. Regardless of whether the ALJ determined that Sell's non-severe mental impairments should be excluded from the RFC or if the ALJ failed to consider her mental impairments when determining the RFC, the underlying decision lacks adequate analysis explaining the determination so the Plaintiff and reviewing courts are not left to speculate why the Commissioner ruled as it did.

### III. Conclusion

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation in light of the above standard of review and Defendant's Objection. The Court hereby overrules Defendant's Objection, and ADOPTS the Magistrate Judge's Report and Recommendation (R. 20). The Commissioner's decision is hereby VACATED and REMANDED for further proceedings consistent with this Opinion and the Report and Recommendation.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 27, 2022